Virginia T. Ball, individually, &c., appellant,

*v.*

Fidelity Union Trust Co. et al., respondents.

[Argued May 25th, 1948.   Decided September 3d, 1948.]

On appeal from a decree of the Court of Chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The questions argued depend on a construction of the will of Frederick W. Ball, Sr.   Mr. Ball died in 1928, survived by his wife and two sons, James T. Ball and Frederick W. Ball, Jr.   Mrs. Ball and James still live, but Frederick, Jr., died in 1934 at the age of 37 years.   He left no issue.   Is his estate entitled to share in the income of the residuary trust created by his father's will?   And will his estate, upon the death of his mother, share in the *corpus?*

"The will first directs that the net income up to $15,000 be paid each year to Mrs. Ball and then proceeds to direct the trustee, 'To pay the remainder of the income * * * for each year to my issue *per stirpes*. If I leave no issue me surviving who shall also survive my wife, from the time of my death or from the time of the death of the last of my said issue, whichever shall last occur, to pay the entire net income to my said wife during her life.'

"The testator intended that each year the surplus income should be distributed to his issue *per stirpes* who were alive that year, that is, while the income was accruing. A clear indication that the representative of a deceased son shall not take part of the income, is found in the direction that upon the death of all issue in the lifetime of Mrs. Ball, the entire income shall be payable to her. The estate of Frederick, Jr., is entitled to no part of the income earned since his death.

"The *corpus* is to be divided, upon the death of Mrs. Ball, 'into as many shares as I leave children me surviving.' That means to divide into two shares since testator was survived by two children. Defendants argue that the paragraph quoted below operates to add Frederick's share to James', so that the fund will constitute a single share.

"The testator then proceeds with instructions for the disposition of each share. It is evident that he had foremost in his mind the possibility of Mrs. Ball's dying during the minority of his sons. After her death, the income of each share is to be applied to the support and education of one of his children until he reaches 21 years; then the income is to be paid him. He is to be paid one-half the *corpus* of his share at 25 and the other half at 35.

"'In case such child die before arriving at the age of thirty-five, to dispose of any part of the *corpus* of such share and the accumulated interest therefrom remaining in their hands as follows:

"'(a) If such child die leaving issue, to pay and make over the same to such issue *per stirpes*.

"'(b) If such child die without issue, to add the same in equal share to the other shares provided for in this third section of the sixth paragraph of this my will.'

"By a literal reading, both (a) and (b) are dependent on the son's death before age 35, and since Frederick lived to

age 37 and James is now 45 years old, it would seem to follow that these directions can never take effect and the earlier direction to pay gave Frederick an interest which fully vested when he became 35, or else that there is an intestacy as to his share. The same dilemma would arise should James predecease his mother, even though his children survived her.

"The final provision in this part of the will runs:

" 'If all of my children die leaving no issue to take under this section of the sixth paragraph of my will, * * * to pay and make over the *corpus* of the trust estate' to the issue of testator's sister, or if there be no such issue, then to certain charities. Let us return to the possibility that James, now aged 45, shall die before Mrs. Ball, leaving issue who shall survive her. Can it be that testator intended to cut off his own grandchildren and leave the fund to a collateral line, or to charities? The court will strain to avoid such an unnatural result. I am satisfied that when testator conditioned the gift over on the death of his children 'leaving no issue to take under this third section,' he understood that the issue would take in the place of their father, regardless of his age at death, provided he predeceased testator's widow. Such a term must be supplied by necessary implication in the introduction to subsections (a) and (b).

"The testamentary disposition of *corpus* should so operate that if a son of testator die at any age in the lifetime of his mother, or if he survive her but die under age 35, then his share goes to his issue; or if he leave no issue, then his share is added to his brother's. And if both sons die before their mother or under 35, and neither leaves issue, then the gift over takes effect.

"Frederick's administratrix cannot share in the *corpus*."

*Messrs. Milton, McNulty & Augelli,* for the appellant.

*Messrs. Lum, Fairlie & Foster, Mr. Stuart A. Young, Messrs. Pitney, Hardin, Ward & Brennan, Messrs. Haines, Chanalis, Lynch & Malone* and *Messrs. Emerson, Emery & Danzig,* for the respondents.

PER CURIAM.

The decree will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Bigelow.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ.   14.

*For reversal*—None.